1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   YOU NEVER KNOW, LLC,

11              Plaintiff,                    No. CIV S-11-1263 FCD DAD PS

12        vs.

13   RICHARD SHEILS, et al.,                  ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              On May 11, 2011, Ron Vanderbeck, proceeding pro se, filed an application to

17   proceed in forma pauperis along with a notice of removal of an action from Placer County

18   Superior Court.[1]  The removing party alleges that he is a tenant residing in the property at issue in

19   the unlawful detainer action filed by plaintiff on April 8, 2011.

20              Exhibits to the Notice of Removal show that Richard Sheils and Olivia Sheils

21   were the named defendants in the action filed by plaintiff, along with DOES 1-10, and that Ron

22   Vanderbeck was declared a defendant by order of the state court after Vanderbeck filed a

23   _____

24        [1]  Although defendant Vanderbeck's notice of removal is captioned for filing in the
     United States District Court for the Northern District of California, defendant filed the pleading
     in the district court appropriate for removal of a state court case from Placer County.  Although
25   the notice of removal also contains an allegation that plaintiff's action was filed in the County of
     Alameda, the exhibits attached to the notice demonstrate that plaintiff's case was filed in Placer
26   County.

                                      1

1  prejudgment claim of right to possession.  (Def't Vanderbeck's Notice of Removal (Doc. No. 1)

2  at 14-16 & 83-87.)  Plaintiff acquired title to the residential property at 8000 Chestnut Court,

3  Granite Bay, CA on March 8, 2011, pursuant to a foreclosure sale after defendants Richard Sheils

4  and Olivia Sheils defaulted on their mortgage loan.  (Id. at 83-87.)

5           It is well established that the statutes governing removal jurisdiction must be

6  "strictly construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064

7  (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

8  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

9  instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "'The burden of establishing

10  federal jurisdiction falls on the party invoking removal.'"  Harris v. Provident Life & Accident

11  Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769,

12  771 (9th Cir.1986)).  Moreover, "the existence of federal jurisdiction depends solely on the

13  plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Envtl.

14  Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

15  Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the

16  case shall be remanded."  28 U.S.C. § 1447(c).

17           Defendant alleges that he is "entitled to removal" based on federal question

18  jurisdiction.  He "strongly believes he has been discriminated [sic] and that the Plaintiff has

19  violated federal law" because "[t]hey have failed to provide the defendant with a 90 day notice to

20  quit, by federal law passed in 2009 of May." (Doc. No. 1 at 2.)  Defendant argues that "[t]he

21  complaint clearly points out that the recovery for possession is based on a foreclosure and it

22  raises questions as to what rights tenants have because of the effect of the foreclosure."  (Id. at 2.)

23           The exhibits to defendant's notice of removal demonstrate that this action is

24  nothing more than a garden-variety unlawful detainer action brought pursuant to state statutes.

25  The action, filed against residents of real property located in California based wholly on

26  California law, does not present a "claim or right arising under the Constitution, treaties or laws

2

of the United States" that would have permitted plaintiff to file the action originally in federal court.  28 U.S.C. § 1441(b).  The mere fact that plaintiff seeks to recover possession of property obtained by non-judicial sale after a foreclosure does not in itself raise any federal question.  The defendant's allegations of discrimination and non-compliance with proper procedure under a federal statute are defenses and are not inherent in plaintiff's claims.

Defendant has failed to meet his burden of establishing federal jurisdiction, and this action should therefore be summarily remanded.  Defendant's application to proceed in forma pauperis should be denied due to his attempted removal of a case in which the plaintiff's state court pleading contains no claim that would have permitted plaintiff to file this action originally in federal court.

In light of the recommendation of summary remand upon screening defendant's in forma pauperis application and notice of removal, the undersigned will vacate the hearing on plaintiff's recently filed motion to remand and will further recommend that the motion be denied as moot.

Accordingly, IT IS HEREBY ORDERED that the hearing of plaintiff's motion to remand (Doc. No. 3) is vacated, and the matter is dropped from the court's June 24, 2011 calendar; and

IT IS RECOMMENDED that:

1.  Defendant's motion to proceed in forma pauperis (Doc. No. 2) be denied;

2.  Plaintiff's motion to remand and request for fees and costs (Doc. No. 3) be denied as moot;

3.  This action be summarily remanded to the Superior Court of California, County of Placer, and this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file

3

1  and serve written objections with the court.  A document presenting objections should be titled

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

3  shall be filed and served within seven days after the objections are served.

4  DATED: June 21, 2011.

5

6  _____

7  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

8

9  DAD:kw
   Ddad1\orders.pro se\youneverknow-vanderbeck1263.f&r.remand.ud

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26